UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:22-CV-00070-WOB-EBA

MARLON HENSON, PLAINTIFF,

V. **REPORT AND RECOMMENDATION**

JAMES DAVID GREEN, DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner Marlon Henson's Petition for Writ of Habeas Corpus. [R. 1]. A review of the petition indicates that the judgment of conviction under attack arose in Hardin County, Kentucky. In light of the fact that Petitioner is attacking a conviction from the Hardin Circuit Court, which lies in the United States District Court for the Western District of Kentucky, where the witnesses and records are likely to be located, the Western District of Kentucky is the more appropriate forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *see also Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 498–500 (1973).

Under the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky, a "state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered." LR 3.2(b); *see also* LR 3.2(f) ("Any civil action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, parties, witnesses, or in the interest of justice."). Therefore, being

sufficiently advised,

**IT IS RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Western District of Kentucky, Louisville Division.

Further, **IT IS ORDERED** that the undersigned's previous order, [R. 3], be **VACATED**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed September 12, 2022.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**